967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re The Matter of the Application of the UNITED STATES of
America for an order authorizing the installation
and use of a device to register
telephone numbers.
UNITED STATES of America, Plaintiff-Appellant,
v.
John DOE, Defendant-Appellee
UNITED STATES of America, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF
CALIFORNIA, Respondent.
 Nos. 92-55630, 92-70329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1992.
Decided June 25, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States petitions for a writ of mandamus/prohibition with respect to the district court's denial of its application for a pen register, and the court's order appointing an amicus and requiring the government to submit a redacted copy of its memorandum in support of the application to amicus. The petition requests current and prospective relief. We grant the petition in part and deny it in part.
 
 FACTS
 
 3
 On April 7, 1992, a United States attorney submitted an application for a pen register to the United States District Court for the Southern District of California. The application was supported by a factual statement setting forth information provided by confidential informants. The court returned the application, with a notation that a stronger factual showing was required. The United States attorney resubmitted the application, accompanied by a legal memorandum supporting the government's position that it had no obligation to submit additional facts.
 
 
 4
 On May 13, 1992, the district court held a hearing on the application. It informed the government that it was required to make a stronger factual showing; the court's remarks suggested that it would require a showing of at least reasonable suspicion. The court appointed a member of the criminal defense bar as amicus to inquire into the factual basis for the application. The day after the hearing, the court entered an order directing the government to submit to amicus a redacted copy of the factual statement supporting the application.
 
 
 5
 We granted the government's motion for a stay of this order. The government then filed its mandamus/prohibition petition. The district court has not yet ruled on the application for a pen register.
 
 DISCUSSION
 
 6
 The district court erred in requiring the government to make a factual showing beyond that contained in the application. 18 U.S.C. § 3123 directs the district court to grant a pen register application where the government has submitted an application that includes the identities of the law enforcement officer making the application and of the agency conducting the criminal investigation, and "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122 (requirements for pen register application). The language of section 3123 is mandatory: "Upon an application made under section 3122 of this title, the court shall enter an ex parte order authorizing the installation and use of a pen register ... if the court finds that the attorney for the Government ... has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation." The district court's review is thus limited.
 
 
 7
 This reading of the statute's plain language is supported by the legislative history to section 3123, which states:
 
 
 8
 To issue an order, the court must first be satisfied that the information sought is relevant [sic] to an ongoing criminal investigation. This provision does not envision an independent judicial review of whether the application meets the relevance standard, rather the court needs only to review the completeness of the certification submitted.
 
 
 9
 S.Rep. No. 99-541, 99th Cong., 2d Sess. 47 (1986).
 
 
 10
 While the district court's role is limited, the court is not simply a rubber stamp. If it were, we would confront serious separation of powers problems. Congress involved the district court for a purpose: to constrain unfettered authority in the prosecutor to order a telephone company to install pen registers. Congress intended to provide a measure of protection to both the utility and its customers. However, that protection is narrow. Congress viewed the intrusion on individual privacy as limited and it was concerned that the prosecutor's investigative powers not be interfered with unduly.
 
 
 11
 The district court judge must make sure that every statutorily required element of the certification is provided and is complete. Where the district court has a reasonable concern about the truth of any element, it may make reasonable inquiry. If not reasonably satisfied, the court may decline to issue the order. The court "must be satisfied that the information sought is relevant to an ongoing criminal investigation ..." but Congress did "not envision an independent judicial review of whether the application meets the relevance standard." This is a fine line.
 
 
 12
 In this case, the information furnished complied with the statute in every respect. Nothing in the record suggests a need for further inquiry or any basis for declining to issue the order.
 
 
 13
 We thus grant the government's petition for mandamus as to the following:
 
 
 14
 1) The district court shall grant the application for a pen register; and
 
 
 15
 2) The district court's order directing the government to submit to amicus a redacted copy of the factual statement supporting the application is vacated.
 
 
 16
 In all other respects, the government's petition is denied.
 
 
 17
 The writ shall issue accordingly.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3